UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BETTY KIMMONS | * | CIVIL ACTION NO: |
| VERSUS | * | JUDGE |
| RACETRAC PETROLEUM, INC. | * | MAGISTRATE |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

To: THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

Pursuant to 28 U.S.C. § 1446, Defendant, RaceTrac Petroleum, Inc., (hereinafter "RaceTrac"), which, pursuant to 28 U.S.C. § 1441 and 1446, respectfully files this Notice of Removal for the following reasons:

1.

On April 6, 2011, an action was commenced against RaceTrac, in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, entitled "*BETTY KIMMONS V.*

*RACETRAC PETROLEUM, INC.*," No. 2011-0001107 on the docket of said Court. *See in globo* Exhibit "A" to Notice of Removal (Citation and Petition for Damages).

2.

In her Petition, Plaintiff, Betty Kimmons, claims to have slipped and fallen while she was pumping gas at the RaceTrac gas station located at 1205 West Oak Street in Amite, Louisiana. *See* Exhibit "A", Petition, ¶¶ 3-4. Plaintiff claims that this incident caused her to suffer injuries. *Id.*, ¶4. The Petition does not identify the types of bodily injuries Plaintiff allegedly sustained. *See Id.*

### I.     JURISDICTIONAL BASIS FOR REMOVAL

3.

As will be shown more fully below, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), as the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and there is complete diversity of citizenship between plaintiff and RaceTrac. Thus, this action may be removed to this Court by RaceTrac pursuant to the provisions of 28 U.S.C. §1441.

####     A.     There is Complete Diversity of Citizenship.

4.

Plaintiff, Betty Kimmons, at the time the aforesaid state court action was commenced was, and still is, a citizen of the State of Louisiana.

5.

Defendant, RaceTrac, at the time the action was commenced was, and still is, a corporation incorporated under the laws of the State of Delaware and was not, and is not, a citizen of the State of Louisiana, wherein this action was brought. The principal place of

business of the defendant, RaceTrac, at the time the action was commenced was, and still is, located in the State of Georgia and not in the State of Louisiana.

**B.     The Amount in Controversy is Satisfied.**

6.

On October 24, 2011, Plaintiff served Answers to Interrogatories and Responses to Requests for Production.[1] These Answers and Responses indicated – for the first time – that Plaintiff's injuries are far more severe than indicated by the boilerplate allegations of injuries in the Petition for Damages.

7.

Specifically, in Answer to Interrogatory No. 9, Plaintiff relays that she has not been able to work since her accident (which is alleged to have occurred on April 10, 2010).[2] Answer to Interrogatory No. 12 reflects that Plaintiff has been diagnosed with several bulging discs, one of which is accompanied by a fibrosus tear, as well as "straightening of the lumbar lordosis consistent with a pattern of muscle spasm."[3]

8.

Also significant are Plaintiff's medical records enclosed with her Responses to Requests for Production.[4] In a report dated August 18, 2010, Dr. Lawrence W. Glorioso, III with LA MRI, Inc. noted that Plaintiff had "prominent posterior central disc bulging of the L5-S1 intervebral disc;" "prominent bulging of the L4-L5 interverbral disc with accompanying partial thickness annulus fibrosus tear ... [which] may be a pain generating source;" "bulging of the L3-L4

---

[1] *See in globo* Exhibit "B" (Plaintiff's Answers to Interrogatories and Responses to Requests for Production).
[2] *Id.*
[3] *Id.*
[4] *See in globo* Exhibit "B."

intervebral disc;" and "straightening of the lumbar lordosis consistent with a pattern of muscle spasm."[5]

9.

Plaintiff's medical records further reflect that on January 20, 2011, Plaintiff's neurosurgeon, Dr. Donald D. Dietze, charted that he "feel[s] that she has symotomatic cervical disc disease causing a right C6 radiculopathy. Options of treatment reviewed and ***surgery is a reasonable option***, specifically an ACD with interbody stabilization." (Emphasis added).[6] Dr. Dietze also authored a letter setting out that Plaintiff "suffers from cervical spine disc disorder, lumbar spine disc disorder, and right shoulder injury," causing her to be "medically disabled." He further indicates that Plaintiff "probably will require surgery, possibly multiple surgeries."[7] Therefore, he did "not expect her to return to work before August 2011," which would cause her to miss work for one year because of her medical disability.[8]

10.

Based on the fact that Plaintiff's injuries are so severe, she was labeled medically disabled by her neurosurgeon, that she has been unemployed since the time of her accident, and that at least one surgery (and possibly more) has been recommended, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

---

[5] *Id.*, at PLTF-0139.
[6] *Id.*, at PLTF-0007.
[7] *Id.*, at PLTF-0008.
[8] *Id.*

II.     **PROCEDURAL REQUIREMENTS FOR REMOVAL**

11.

This Notice of Removal is being filed within thirty days of the receipt by RaceTrac of the "other paper" setting forth the claim for relief upon which the civil action is based, in accordance with 28 U.S.C. § 1446(b).

12.

In her Petition, Plaintiff did not allege that her damages were less than the jurisdictional amount to establish diversity jurisdiction in federal court, pursuant to the mandatory requirements of La. Civ. Proc. Article 893A(1).

13.

Plaintiff served her Answers to Interrogatories and Responses to Requests for Production on October 24, 2011. Title 28, section 1446(b) of the United States Code explains, "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable . . . ." Answers to interrogatories are considered "other paper" pursuant to 28 U.S.C. § 1446(b). *See Chapman v. Powermatic, Inc.*, 969 F.3d 160, 164 (5th Cir. 1992). Here, Plaintiff's Answers to Interrogatories and Responses to Requests for Production were served on October 24, 2011. *See* Exhibit B.

14.

Thus, with the service of Plaintiff's Answers to Interrogatories and Responses to Requests for Production on October 24, 2011, it became evident – for the first time – that this case was removable pursuant to 28 U.S.C. § 1332(a).

15.

Pursuant to 28 U.S.C. § 1446(a), the entire record from the state court is attached as *in globo* Exhibit "A" (Citation and Petition for Damages).

16.

The United States District Court for the Eastern District of Louisiana embraces the parish in which the state court action was filed and thus this case is properly removed to this Court under 28 U.S.C. §§104(a) and 1441(a).

17.

Pursuant to 28 U.S.C. §1446(d), RaceTrac is filing written notice of this removal with the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana. Copies of the Notice of Filing Notice of Removal together with this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. §1446(d).

WHEREFORE, Defendant, RaceTrac Petroleum, Inc., prays that the above numbered and entitled cause on the docket of the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully Submitted,

/s/ Elizabeth R. Richard
Quentin F. Urquhart, Jr.  (La. #14475)
Stephen G.A. Myers (La. #29999)
Elizabeth R. Richard (La. # 32650)
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Ste. 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2101
**Attorneys for Defendant,
RaceTrac Petroleum, Inc.**

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 21st day of November, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

                   */s/ Elizabeth R. Richard*