# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY KIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2901** |
| **RACETRAC PETROLEUM, INC.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #7) is **DENIED**.

## BACKGROUND

Plaintiff, Betty Kimmons seeks to remand this case to the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana. She argues that the removal was untimely because it was filed more than 30 days after the defendant received the first pleading from which it could ascertain that the amount in controversy exceeded $75,000, the minimum amount required for diversity subject matter jurisdiction.

On April 10, 2010, Kimmons, slipped and fell while pumping gasoline at Racetrac Patroleum, Inc.'s service station located at 1205 West Oak Street, Amite, Louisiana. Kimmons notified Racetrac of the incident, and Racetrac retained Broadspire Services, Inc., to investigate the claim. On December 8, 2010, Kimmons informed the investigator that she had not returned to work since the accident, had continuously received medical treatment, and had been diagnosed with a herniated disc. On February 11, 2011, Kimmons gave the investigator forms permitting Racetrac to obtain her medical information.

On April 6, 2011, Kimmons filed suit against Racetrac in the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, alleging that she:

> pumped gasoline into her Ford F150 crew cab pick-up truck, walked through a liquid substance on the ground in front of the pump, and was attempting to enter her vehicle when her foot slipped on the running board due to the liquid, and [she] fell, resulting in severe and disabling injuries to [her].

Kimmons' alleges Racetrac's "negligence, fault, strict liability and/or omissions" caused the accident, and that her damages include: (a) injury to her person; (b) mental pain and suffering; (c) loss of enjoyment of life; (d) past and future medical costs; (e) past and future lost wages; (f) past and future loss of earning capacity; and (g) aggravation and inconvenience. Kimmons served Racetrac on April 15, 2011.

Racetrac served discovery requests on Kimmons seeking to ascertain the extent of her alleged damages. On October 24, 2011, Kimmons responded to Racetrac's interrogatories stating that she: (1) was diagnosed with several bulging discs, including a fibrous tear, and with a straightening of the lumbar lordosis; (2) has symptomatic cervical disc disease causing a right C6 radiculopathy; (3) suffers from cervical spine disc disorder, lumbar spine disc disorder, and right shoulder injury, causing her to be medically disabled; (4) will probably require at least one surgery; and (5) has been physically unable to work since the accident due to her injuries. Upon receiving Kimmons' discovery responses on October 24, 2011, Racetrac ascertained that her damages would exceed $75,000. On November 21, 2011, Racetrac removed the action to the United States District Court for the Eastern District of Louisiana alleging that this court has subject matter jurisdiction

under 28 U.S.C. § 1332, because the there is complete diversity between the parties and the amount in controversy exceeds $75,000.

On December 21, 2011, Kimmons filed a motion to remand. She does not dispute that the parties are diverse and that the amount in controversy exceeds $75,000. Instead, she contends that Racetrac's notice of removal was untimely because it was filed more than 30 days after she served it with notice of the suit. She argues that the allegations in her petition, coupled with her pre-suit statements to the investigator put Racetrac on notice that her damages would exceed the jurisdictional threshold. Kimmons contends that Racetrac had 30 days from the date it received notice of her suit to remove the action.

Racetrac argues that Kimmons' petition does not provide sufficient information regarding her damages from which it could ascertain the extent of her damages. Further, Racetrac argues that information provided to a defendant prior to the plaintiff's filing a lawsuit is irrelevant for the calculation of a notice of removal's timeliness. Racetrac argues that the time for filing a notice of removal is determined by the allegations in the petition and information obtained by the defendant from other papers received thereafter.

## ANALYSIS

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the suit. See 28 U.S.C. § 1441(a). To remove a case from state court to federal court, a defendant must file a notice of removal. See id. at § 1446(a). The notice must be filed within thirty days of service on the defendant. Id. at § 1446(b). If the plaintiff's initial petition is not removable, the defendant may file a notice of removal within thirty days of being served with

an amended petition or other document from which it may first be ascertained that the case is removable. Id.

In Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992), the United States Court of Appeals for the Fifth Circuit held that the thirty-day period provided by § 1446 begins to run at the receipt of the initial pleading "only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Therefore, if the plaintiff "wishes the thirty-day time period to run from the defendant's receipt of the initial pleading," she must specifically allege that her damages exceed the jurisdictional threshold for federal diversity subject matter jurisdiction. Id. In adopting this rule the court stated that the rule "promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." Id. Further, the court held that documents received by a defendant before the plaintiff files suit are not relevant for the calculation of the timeliness of removal. Id. at 164-65. Rather, "other papers" related to the federal jurisdictional amount must be received by the defendant after the plaintiff files suit under § 1446(b). Id.

Kimmons' petition contains generic allegations regarding her damages, and does not affirmatively reveal on its face that she is seeking damages in excess of $75,000. Further, the information she provided to the investigator regarding her medical condition prior to her filing a lawsuit is irrelevant for the calculation of the timeliness of Racetrac's removal. Racetrac filed its notice of removal within 30 days of its receiving Kimmons' discovery responses in which she

4

revealed the extent of her injuries.  Therefore, Racetrac' removal was timely, and Kimmons' motion to remand is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #7) is **DENIED**.

New Orleans, Louisiana, this  13th   day of February, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**